UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ X

DOMINIQUE BONFIGLIO,

    Plaintiff,

  - against -

NEW YORK PRESBYTERIAN
HOSPITAL WEILL CORNELL
MEDICAL CENTER,

    Defendant.

------------------------------------------------ X

**OPINION AND ORDER**

**10 Civ. 4939 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.  INTRODUCTION

On June 19, 2008, the New York Presbyterian Hospital Weill Cornell Medical Center (the "Hospital") terminated Dominique Bonfiglio's employment. On June 30, 2008, Bonfiglio filed a verified complaint with the New York State Division of Human Rights (the "DHR"). Her complaint charged the Hospital with employment discrimination, namely, wrongful termination, based on race and color in violation of New York law.[1] The DHR determined that there was "no probable cause" to believe that Bonfiglio's termination constituted unlawful discrimination

---

[1]  *See* N.Y. Exec. Law § 296(1)(a).

-1-

and dismissed the case.[2]

Bonfiglio subsequently brought this action alleging that the Hospital violated Title VII of the Civil Rights Act of 1964 ("Title VII")[3] and the New York State Human Rights Law ("NYSHRL").[4]   The Hospital filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  The Hospital also opposes Bonfiglio's oral request to amend her Complaint to add a claim under the New York City Human Rights Law ("NYCHRL")[5] and an individual defendant.  Because Bonfiglio's termination claim has already been decided by the DHR, this Court lacks subject matter jurisdiction over that claim.  Because the proposed NYCHRL claim is "based on the same underlying conduct" as the NYSHRL claim, it would also be dismissed for lack of subject matter jurisdiction.[6]  Furthermore, there is no individual liability under Title VII, which is the only remaining claim.  Leave to amend is therefore

---

[2]       *See* Determination and Order After Investigation ("DHR Determination"), Ex. A to 3/17/11 Affidavit of Wendy Tarlow, counsel to Defendant, in Support of Defendant's Motion to Dismiss ("Tarlow Aff.") at 1-2.

[3]       42 U.S.C. § 2000e *et seq.*

[4]       N.Y. Exec. Law § 290 *et seq.*

[5]       N.Y. Admin. Code § 8-502(a).

[6]       *Jackson v. New York State Dep't of Labor*, 709 F. Supp. 2d 218, 225 (S.D.N.Y. 2010).

denied.

## II.   BACKGROUND

Bonfiglio had been working at the Hospital continuously from July 2007, until she was terminated in June 2008.[7]  Bonfiglio, who is white, alleges that she heard her immediate supervisor, Carmen Zuluaga, an Hispanic woman, make "racist" remarks about Caucasians on two occasions.[8]  Her co-workers informed her of a third occasion.[9]  Bonfiglio alleges that she was subjected to other "harassing" treatment such as discriminatory enforcement of break policies[10] and an unwarranted negative performance evaluation.[11]

On June 3, 2008, one of Bonfiglio's supervisors sent her a memo informing her that she had been late to work over twenty times since January 2008. That memo warned her that any future tardiness might result in disciplinary action including termination.[12]  On June 13, 2008, Bonfiglio was twenty minutes late to

---

[7]      *See* Complaint ("Compl."), *Addendum*, ¶¶ 2, 14.

[8]      *See id.* ¶ 8.

[9]      *See id.* ¶ 9.  The DHR found that Bonfiglio "was unable to provide witnesses to corroborate her allegations of derogatory comments made by Ms. Zuluaga."  DHR Determination at 2.

[10]     *See* Compl., *Addendum*, ¶ 11.

[11]     *See* Performance Evaluation, Ex. G to Compl.

[12]     *See* Compl., *Addendum*, ¶ 13.

work and was therefore terminated, effective June 19.[13]

On June 25, 2010, Bonfiglio sought relief in this Court, alleging violations of Title VII and the NYSHRL.[14]  The alleged discriminatory acts were "termination," "retaliation," and "racism and hostile work environment."[15]  At a conference held on March 10, 2011, Bonfiglio, who appeared pro se but has since retained counsel, orally requested leave to amend her Complaint to add Zuluaga as an individual defendant.[16]  She also sought leave to add claims under the NYCHRL.  Bonfiglio now seeks to add only a retaliation claim under the NYCHRL.  On March 17, 2011, the Hospital filed a motion to dismiss the state law claims for lack of subject matter jurisdiction and requested an Order denying Bonfiglio leave to amend her complaint.

## III.   LEGAL STANDARD

### A.   Lack of Subject Matter Jurisdiction under Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional

---

[13]     *See id.* ¶ 15.

[14]     *See id.* at 1.

[15]     *Id.* at 2-3.

[16]     *See* Tarlow Aff. at 1.

power to adjudicate it."[17]  The plaintiff bears the burden of proving the existence of subject matter jurisdiction by a preponderance of the evidence.[18]  "When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff."[19]  In resolving a motion to dismiss under Rule 12(b)(1), a court is not limited to the face of the complaint and may consider evidence outside the pleadings, including affidavits submitted by the parties.[20]

### B.    Election of Remedies

Administrative and judicial remedies "are intended to be mutually exclusive.  Once a complainant elects the administrative forum by filing a complaint with the [DHR], that becomes the sole avenue of relief, and subsequent judicial action on the same complaint is generally barred."[21]  Under the NYSHRL,

---

[17]    *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

[18]    *See Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) ("[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction.").

[19]    *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004).

[20]    *See Robinson v. Government of Malaysia*, 269 F.3d 133, 140-41 (2d Cir. 2001).

[21]    *Moodie v. Federal Reserve Bank of N.Y.*, 58 F.3d 879, 884 (2d Cir. 1995) (quoting *Marine Midland Bank v. New York State Div. of Human Rights*, 552 N.Y.S.2d 65, 66 (1st Dep't 1989) (citations omitted)).

a "person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . unless such person had filed a complaint [with the DHR]."[22]  Under the NYCHRL, a discrimination plaintiff "shall have a cause of action in any court of competent jurisdiction . . . unless such person has filed a complaint with the City Commission on Human Rights or with the State Division of Human Rights with respect to such alleged unlawful discriminatory practice."[23]  Although the language is nearly identical, the City law must be construed "independently from similar or identical provisions of New York state or federal statutes."[24]  Independent construction aside, State and City law recognize limited exceptions to the jurisdictional bar. The only exception to the jurisdictional bar is when the DHR dismisses a claim for either administrative convenience or lack of agency jurisdiction.[25]

### C.   Amendments to Pleadings

"Rule 15(a) provides that, other than amendments as a matter of

---

[22]     N.Y. Exec. Law § 297(9).

[23]     N.Y. Admin. Code,  § 8-502(a).

[24]     N.Y.C. Local Law No. 85 (2005).  *But see Jackson*, 709 F. Supp. 2d at 225 (the NYSHRL and NYCHRL are "nearly identical . . . and discussion of the latter applies equally to the former") (citing *York v. Association of the Bar of the City of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002) (quotation marks omitted)).

[25]     *See Moodie*, 58 F.3d at 882-83.

course, a party may amend the party's pleading only by leave of court or by written

consent of the adverse party; and leave shall be freely given when justice so

requires."[26]  "[W]hether to permit a plaintiff to amend its pleadings is a matter

committed to the Court's sound discretion."[27]  The Supreme Court has explained

that:

> [i]f the underlying facts or circumstances relied upon by a plaintiff may
> be a proper subject of relief, he ought to be afforded an opportunity to
> test his claim on the merits.  In the absence of any apparent or declared
> reason - such as . . . futility of amendment . . . - the leave sought should,
> as the rules require, be freely given.[28]

"Where it appears that granting leave to amend is unlikely to be productive . . . it is

not an abuse of discretion to deny leave to amend."[29]

A proposed amendment is futile when it "adds a claim and party over

which the Court lacks subject matter jurisdiction."[30]  "[A] district court is justified

---

[26]    *Slayton v. American Express Co.*, 460 F.3d 215, 226 n.10 (2d Cir. 2006) (quotation marks omitted).

[27]    *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quotation marks omitted).

[28]    *Foman v. Davis*, 371 U.S. 178, 182 (1962).  *Accord Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002).

[29]    *Lucente v. International Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (quotation marks and citations omitted).

[30]    *Ricciardi v. Kone, Inc.*, 215 F.R.D. 455, 456 (E.D.N.Y. 2003).  *See also Estes El v. Long Island Jewish Med. Ctr.*, No. 95 Civ. 1047, 1995 WL 217545, at *1 (S.D.N.Y. Apr. 12, 1995) (dismissing state claims for lack of subject

-7-

in denying an amendment if the proposed amendment could not withstand a motion to dismiss.  The Proposed Amended Complaint may therefore be scrutinized as if defendant['s] objections constituted a motion to dismiss . . . ."[31]

## IV.   DISCUSSION

### A.     Subject Matter Jurisdiction over State Claims

The parties agree that this Court lacks subject matter jurisdiction over Bonfiglio's NYSHRL and proposed NYCHRL wrongful termination claims because the DHR has already adjudicated wrongful termination.[32]  Bonfiglio asserts, however, that since retaliation was not specifically addressed by the DHR,[33] the jurisdictional bar should not apply to her proposed retaliation claim.[34]

This argument misconstrues decisions holding that retaliation claims

---

matter jurisdiction and  denying plaintiff leave to amend where  "there [was] no reason to believe that these deficiencies could be cured by amendment").

[31]      *Journal Pub. Co. v. American Home Assur. Co.*, 771 F. Supp. 632, 635 (S.D.N.Y. 1991) (quotation marks omitted) (holding a proposed amended complaint to motion to dismiss standards in determining whether to grant leave to amend).

[32]      *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pl. Mem") at 1 ("[O]nce a forum choice is made, it bars a complaint from proceeding in any other forum.").

[33]      *See generally* DHR Determination.

[34]      *See* Pl. Mem. at 2.

are "separate and distinct" from underlying claims of discrimination.[35]  Under Title

VII and New York State law, a retaliation claim is "separate and distinct" because

it alleges adverse actions taken by employers in response to a plaintiff's

"statutorily protected activity" such as filing a claim of discrimination.[36]  While a

retaliation claim may have merit independent of the underlying discrimination

claim,[37] state law "bar[s] a person who has filed a complaint with the [DHR] from

filing a lawsuit in this Court based on the same underlying conduct."[38]  Here the

alleged discriminatory act  and the alleged retaliatory act are the same -

termination.  The "underlying conduct" is neither separate nor distinct.  Even

---

[35]     *Id.* (citing *Modiano v. Elliman*, 693 N.Y.S.2d 24, 24 (1st Dep't 1999) (finding that a retaliation claim may survive even if the "underlying discrimination complaint . . . is without merit").

[36]     *See, e.g.*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 66 (2006) (construing Title VII retaliation claims to apply to "any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity") (citation omitted).  *See also Brightman v. Prison Health Servs.*, 878 N.Y.S.2d 357, 357 (1st Dep't 2009) (finding that a retaliation claim survived a motion to dismiss when the plaintiff-employee first filed a complaint for sexual harassment and was then allegedly given a "more onerous workload" in retaliation for her initial sexual harassment complaint).

[37]     *See, e.g.*, *Modiano*, 693 N.Y.S.2d at 24.

[38]     *Jackson*, 709 F. Supp. 2d at 225.

-9-

assuming the truth of the factual allegations in the Complaint,[39] this Court still lacks subject matter jurisdiction due to Bonfiglio's election of remedies with respect to her termination claim.  Plaintiff's state law claim of retaliation must therefore be dismissed.  Finally, Bonfiglio's state law claim of "racism and hostile work environment" is dismissed because the DHR has already considered Zuluaga's allegedly racist remarks and found them to be unsubstantiated.

### B.    Leave to Amend

#### 1.    Retaliation Claim under the NYCHRL[40]

Rule 15 requires that leave to amend be "freely given" when justice "so requires."  Although there is some confusion regarding whether the NYSHRL and the NYCHRL may be construed as identical,[41] the language of each statute is unambiguous with respect to the issue addressed here.  Once a person has elected the DHR as an administrative remedy and her case was decided, that person is

---

[39]    *See Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

[40]    Plaintiff has already alleged a retaliation claim under New York State law.  She nonetheless wishes to amend her Complaint to include a state law retaliation claim.  *See* Pl. Mem. at 3.  To the extent that plaintiff has already asserted a retaliation claim under New York State law, that claim is dismissed. To the extent that plaintiff seeks to add a retaliation claim under New York State and/or City law, leave to amend is denied.

[41]    *See supra* n.24.

barred from bringing a civil suit absent the statutory exceptions, none of which apply in this instance.[42]  Adding a claim that cannot survive due to lack of subject matter jurisdiction would be futile.[43]  Leave to amend to include a retaliation claim under the NYCHRL is therefore denied.

### 2.    Individual Defendant

Once the State claims are dismissed and the City claim is disallowed, only Title VII remains.  There is no cause of action against individuals under Title VII.[44]  Leave to amend to add an individual defendant is therefore denied.

## VI.    CONCLUSION

For the foregoing reasons, the Hospital's motion to dismiss Bonfiglio's New York State claims of wrongful termination, retaliation, and hostile work environment/racism is granted.  Bonfiglio's request for leave to amend her Complaint to include a City law retaliation claim and to add an individual defendant is denied.  The Clerk of the Court is directed to close this motion (docket #11).  A conference is scheduled for August 15, 2011, at 4:30 p.m., in Courtroom

---

[42]    *See supra* n.25.

[43]    *See Ricciardi*, 215 F.R.D. at 456.

[44]    *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

15C.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:       New York, New York
             June 16, 2011

**-Appearances-**

**For Plaintiff:**

Andrew C. Laufer, Esq.
255 West 36th Street, Suite 1104
New York, New York 10018
(212) 422-1020

**For Defendant:**

James R. Kahn, Esq.
Nelson E. Roth, Esq.
Valerie Cross Dorn, Esq.
Wendy E. Tarlow, Esq.
300 CCC Building, Garden Avenue
Cornell University
Ithaca, New York 14853
(607) 255-5124